IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 2:16cr4-14 |
| v. | ) | 2:18cv886 |
| | ) | Electronic Filing |
| **DARNELL HOWELL** | ) | |


## <u>MEMORANDUM ORDER</u>

AND NOW, this 23rd day of September, 2021, upon due consideration of defendant's Motion to Vacate Under 28 U.S.C. § 2255, as amended on January 2, 2019, and [813] the government's response thereto, IT IS ORDERED that the [771], [796] the amended motion be, and the same hereby is, denied without prejudice to renew, if appropriate, 1) after defendant has exhausted the administrative remedies available with the Bureau of Prisons and 2) in the form of a petition pursuant to 28 U.S.C. § 2241 in the appropriate forum.

The history of this case as it relates to defendant's motion accurately is recounted in the government's response to defendant's amended motion.  Defendant sought relief on the ground that at sentencing he was not credited with the pre-sentence time spent in federal custody, which appears to be from January 19, 2016, through August 16, 2017.  Defendant attached to his amended motion correspondence from the Pennsylvania Board of Probation and Parole indicating that this time was not credited towards any of his state parole violations because he was not being held solely on a Board warrant and he should receive credit for this time from the Bureau of Prisons towards his federal sentence.  Defendant requests that this court award him with credit for this time.  The government maintains that defendant has sought relief in the wrong venue and any request regarding the computation of defendant's federal sentence is premature in any event.

Defendant's motion as amended has been denied for three basic reasons.  First, federal law places the responsibility for computing the time to be credited toward a federal sentence with the Bureau of Prisons.  In the first instance, the Bureau of Prisons is vested with the authority under 18 U.S.C. § 3585(b) to determine if a defendant is entitled to presentence credit for time served prior to the commencement of his sentence.  See United States v. Wilson, 503 U.S. 329, 333–34 (1992); Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002).  As accurately noted in the government's response, the Bureau of Prisons has not even begun this process due to defendant's ongoing service of state time for multiple state parole violations.

Second, defendant has failed to identify any defect in the sentence imposed by this court, let alone one of constitutional or sufficient statutory dimension.  It is well settled that the first question to be resolved in assessing a § 2255 motion is whether the movant has alleged "an error sufficiently fundamental to come within the narrow limits of § 2255 [thus] making the conviction vulnerable to attack."  United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992) (citing Napue v. Illinois, 360 U.S. 264, 269 (1959)).  "Habeas corpus has long been available to attack convictions and sentences entered . . . without jurisdiction [and more recently has been] expanded to encompass claims of constitutional error as well."  United States v. Addonizio, 422 U.S. 178, 185 (1979).  In addition to presenting a claim falling within these limited substantive areas, significant procedural restrictions have been imposed in conjunction with claims for collateral relief that were not raised on direct appeal.  Bousley v. United States, 523 U.S. 614, 621-22 (1998).

Where review of a conviction or sentence is sought based only on an error of law, "the scope of collateral attack has remained far more limited."  Stone v. Powell, 428 U.S. 465, 477 & n.10 (1976); see also Reed v. Farley, 512 U.S. 339, 354 (citing Davis v. United States, 417 U.S. 333, 346 (1974) and Hill v. United States, 368 U.S. 424, 428 (1962)).  In such circumstances,

'habeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" Reed, 512 U.S. at 348 (quoting Hill, 368 U.S. at 428); United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996) ("nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process").

Here, defendant has failed to identify anything from the imposition of judgment that constitutes an error of such a magnitude.  At best, defendant has proffered information that indicates the Pennsylvania Department of Corrections refused to give him credit while he was held in federal custody pending the disposition of the charges in this case.  He has not demonstrated that 1) the Bureau of Prisons has refused to credit time toward his sentence that arose from his federal pretrial detention and was not credited to any other sentence and 2) he is now serving excess time in violation of a federal statute and/or the Due Process Clause of the United States Constitution.  Defendant's anticipation that the Bureau of Prisons ultimately will fail to calculate his federal sentence in such a manner is premature at this juncture.

Finally, as the government aptly has observed, defendant appears to be seeking relief based on circumstances that could only involve the execution of his sentence.  Generally, such matters properly are raised pursuant to a petition filed pursuant to 28 U.S.C. § 2241.  The validity of a defendant's sentence is the proper subject of a motion pursuant to § 2255.  United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004).  "In contrast, challenges to the execution of a defendant's sentence, *i.e.*, how the defendant's sentence is calculated and carried out by the Bureau of Prisons, must be raised in a § 2241 petition, brought against the custodian of the institution where the defendant is incarcerated."  United States v. Zwick, 2011 WL 666182, *6

3

(W.D. Pa., Feb. 14, 2011) (Fischer, J.) (citing Eakman, 378 F.3d at 297).  Motions under 2255 properly are filed with the sentencing court; "§ 2241 petitions must be filed in the judicial district where the defendant is incarcerated."  Id. (citing 28 U.S.C. § 2241(a)).  Defendant is not currently incarcerated at an institution within this district and therefore even construing his current motion as one brought pursuant to § 2241 would not provide an avenue for the relief he seeks.

It follows that defendant's motion to correct sentence properly has been denied as foreclosed by the controlling authority, premature and procedurally defunct and the above order properly has been entered.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:  Brian Castello, AUSA

(*Via CM/ECF Electronic Mail*)

DARNELL HOWELL
FK8469/USMS 06736068
FCI Fairton
P.O. Box 420
Fairton, N.J. 08320

(*Via United States Postal Service mail*)

4